Alizabeth A. Bronsdon
MT Bar #68149592, *Pro Hac Vice*
Western Watersheds Project
P.O. Box 8837
Missoula, MT 59807
267-664-3422
ali@westernwatersheds.org

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | Case No. ________________<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Freedom of Information Act & Administrative Procedure Act Case |

Plaintiff, Western Watersheds Project (WWP), alleges as follows:

## INTRODUCTION

1. Pursuant to the Freedom of Information Act (FOIA or "the Act"), 5 U.S.C. § 552 *et. seq.,* or, in the alternative, the Administrative Procedure Act

(APA), 5 U.S.C. § 701 *et. seq*., WWP challenges the unlawful acts of the United States Department of the Interior (DOI).

2. The purpose of FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess., at 3 (1965). FOIA requires federal agencies, upon receiving a request, to disclose responsive records unless that information falls within one of nine narrow disclosure exemptions listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b).

3. Except in unusual circumstances, federal agencies generally must determine within twenty business days whether requested records are exempt from withholding and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. §§ 552(a)(6)(A)(i), (3)(A), (6)(C)(i).

4. At issue in this case is a WWP FOIA request seeking information regarding the management of the federally protected Mexican gray wolf and the administration of the Mexican gray wolf recovery project. WWP requested this information as part of its continuing efforts to provide meaningful oversight of wolf management decisions by Defendant.

5. Defendant has not made a final determination regarding WWP's FOIA request.

6. The inaction of Defendant regarding WWP's FOIA request violates FOIA in numerous ways. First, Defendant has refused to release non-exempt responsive records to WWP's FOIA request. Second, Defendant failed to make timely determinations regarding WWP's FOIA request. Third, Defendant failed to provide WWP with estimated completion dates for WWP's FOIA request.

7. These failures amount to illegal, constructive withholding of responsive records to WWP's FOIA request and present a pattern, practice, or policy of failing to comply with the Act.

8. Each of these failures violates FOIA, or, in the alternative, the APA.

9. WWP works to protect public lands and the wildlife that inhabit them throughout the American West. Prompt access to the requested information is crucial to provide public oversight of Defendant's activities in this regard. Defendant's continuing failures to comply with FOIA materially prejudice WWP's ability to fulfill its mission.

10. Defendant is unlawfully withholding information sought by Plaintiff, information to which WWP is entitled and for which no valid disclosure exemption applies.

11. Defendant violated the statutory mandates and deadlines imposed by FOIA through its failure to provide a final determination resolving WWP's FOIA request within the time and in the manner required by law.

12. WWP seeks a declaration from this Court that Defendant has violated FOIA, or in the alternative, the APA. WWP also seeks an injunction from this Court that directs Defendant to provide WWP with the requested records by a date certain. Finally, WWP seeks an Order from this Court directing Defendant to pay reasonable attorneys' fees and costs incurred in bringing this action.

**JURISDICTION, VENUE AND BASIS FOR RELIEF**

13. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.

14. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because complainant resides in Tucson, Arizona.

15. Declaratory relief is appropriate under 28 U.S.C. § 2201.

16. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

17. Attorneys' fees and costs may be awarded by the Court to a substantially prevailing plaintiff pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., or other applicable authorities.

## PARTIES

18. WWP is a non-profit conservation organization founded in 1993 and headquartered in Hailey, Idaho. The organization is an IRS 501(c)(3) charitable entity. WWP has over 50,000 supporters and members, and works in eleven states across the West, including Montana, Wyoming, Oregon, California, Arizona, New Mexico—the states from which the FOIA request at issue in this case originated. WWP seeks to protect public lands, wildlife, and other natural resources and ecological values of western watersheds.

19. To further its mission, WWP often requests information regarding federal wildlife management decisions and activities through FOIA. WWP compiles and analyzes the information it obtains through the requests and disseminates it to the public by: (1) presenting the material to its members and supporters, as well as members of other state and national conservation organizations, through its newsletter, social media platforms (which reach over 68,000 engaged followers and an average of approximately 1 million individuals per month), and email alerts distributed to a list of over 9,400 subscribers; (2) presenting the materials at national and regional conferences; (3) participating in

other public forums, such as local government hearings; (4) issuing press releases and presenting the information to national, regional and local media; (5) posting the information on its web site, which has over 16,000 views each month; and (6) publishing longer-form analysis through its Substack blog, which receives an average of 17,000 monthly views and provides timely, accessible analysis of FOIA-derived information, agency decision-making, and opportunities for public engagement.

20. The records sought by the FOIA request at issue will help WWP inform and educate its members and the public about Defendant's Mexican gray wolf management policies and decisions, and how they may affect the recovery of the species. The records at issue in this litigation are requested in support of WWP's ongoing efforts to improve protection of the species. The requested information has not been publicly disclosed and thus would significantly enhance public understanding concerning Defendant's wolf management activities.

21. WWP, its staff and members are directly injured by Defendant's failure to comply with the statutory requirements of FOIA, and a favorable outcome in this litigation will redress such injuries. WWP brings this suit on behalf of itself, its staff and its members.

22. Defendant Department of the Interior is a cabinet-level executive agency of the United States government that includes the Office of the Secretary, to which the FOIA request was made, and the U.S. Fish and Wildlife Service (FWS), among its numerous technical bureaus and specialized offices. The Department of the Interior and its bureaus and sub agencies are responsible for managing public lands and natural resources, including the Mexican gray wolf, a species listed under the Endangered Species Act.

23. The Department of the Interior is an "agency" as defined by 5 U.S.C. § 552(f)(1) and is therefore subject to the provisions of FOIA.

24. Defendant is in possession, custody, or control of the records sought by WWP, and as such, are subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

### Freedom of Information Act (FOIA)

25. FOIA's "basic purpose" is "to open agency action to the light of public scrutiny." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 272 (1976)). It was enacted "to ensure an informed citizenry, promote official transparency, and provide a check against government impunity." *Transgender Law Ctr. v. Immigr. & Customs Enf't*, 33 F.4th 1186 (9th Cir. 2022).

26. To achieve the goals of government transparency and accountability, FOIA "establish[es] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965); *see also* 5 U.S.C. §§ 552(a)–(b).

27. FOIA's exemptions are discretionary, not mandatory, *Chrysler Corp. v. Brown*, 441 U.S. 281, 291 (1979), and withholding a record is permissible "only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A).

28. It is the agency's burden to prove that one of FOIA's nine exemptions applies to a record—or any portion of a record—it seeks to withhold. 5 U.S.C. § 552(a)(4)(B); *Schiller v. Nat'l Lab. Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992) ("Under FOIA, the burden is on the agency to sustain its action.") (internal quotation omitted); *Assembly of State of Cal. v. U.S. Dep't of Comm.*, 968

F.2d 916, 920 (9th Cir. 1992) ("The government has the burden to prove that a requested document falls within one of FOIA's exemptions.").

29. Further, the agency may not carry its burden to demonstrate the applicability of an exemption with only conclusory and generalized allegations of confidentiality. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.D.C. 1980) ("We repeat, once again, that conclusory assertions of privilege will not suffice to carry the Government's burden of proof in defending FOIA cases."); *see also Shannahan v. Internal Revenue Serv.*, 672 F.3d 1142, 1148 (9th Cir. 2012) (holding agencies may not justify nondisclosure with conclusory or generalized allegations of confidentiality); *Anderson v. Dep't of Health & Human Services*, 907 F.2d 936, 941 (10th Cir. 1990) ("The district court must determine whether all of the requested materials fall within an exemption to the FOIA and may not simply conclude that an entire file or body of information is protected without consideration of the component parts.").

30. The Act further states that an agency may "withhold information . . . *only* if the agency reasonably foresees that disclosure would harm an interest protected" by the cited exemption. 5 U.S.C. § 552(a)(8)(A)(i) (emphasis added). This "foreseeable harm" constraint requires an agency invoking an exemption to "provide a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency [interests] going forward." *Reporters Comm. for Freedom of Press v. Fed. Bureau of Investigations*, No. 20-5091, 2021 WL 2753938, at *12 (D.D.C. July 2, 2021) (internal quotation omitted); *see also Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 106 (D.D.C. 2019) (explaining that the agency must "identify specific harms to the

relevant protected interests that it can reasonably foresee would actually ensue from disclosure of the withheld materials" and "connect [such] harms in a meaningful way to the information withheld") (cleaned up) (internal citation omitted).

31. Further, even within a privileged document, the agency must establish that all reasonably segregable portions of the document have indeed been segregated and disclosed. *Anderson*, 907 F.2d at 941. Agencies cannot simply redact entire records or pages if only a portion of the page or document is subject to an exemption. *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) ("If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions.") (quoting 5 U.S.C. § 552(b)). "[T]he exemptions to the FOIA do not apply wholesale. An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983).

32. FOIA also imposes strict deadlines on federal agencies. Within twenty working days of receiving a FOIA request, the agency must make a final decision that notifies the requestor of: (1) the scope of the documents that the agency will produce, (2) the scope of the documents that the agency believes exempt from disclosure, (3) the reasons for any withholdings, and (4) the requester's right to appeal any adverse determination. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i).

33. Unless an agency properly establishes a different timeline for disclosing responsive records, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide the responsive records within or shortly after the 20 business-day deadline. 5 U.S.C. § 552(a)(6)(A)(i).

34. Congress has set forth two narrow circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). First, the agency may toll the statutory determination deadline for ten days to allow the agency to seek information from the requester. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a ten-day tolling period). Second, the agency may extend the twenty business-day deadline for an additional ten business days by providing a written notice to the requester that sets forth the "unusual circumstances"—a term that is defined by the Act—that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C.§ 552(a)(6)–(B)(ii)-(iii).

35. When the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

36. An agency's failure to timely respond to a FOIA request is itself a violation of the statute, regardless of a request's final outcome. 5 U.S.C. § 552(a)(6)(A)(ii); *Or. Nat. Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006), *aff'd in part, rev. on other grounds, Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009); *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089–90 (N.D. Cal. 2015).

37. FOIA requires federal agencies to acknowledge receipt of FOIA requests and provide requesters with the date of receipt, an individualized tracking number for each request that will take longer than ten days to process, and an

estimated completion date on which the agency anticipates completing action on the request. 5 U.S.C. §§ 552(a)(7)(A), (B)(i), (ii). An agency's failure to provide a FOIA requester with this information is itself a violation of the statute, regardless of a request's final outcome. *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 231 (D.D.C. 2011) (finding an agency pattern of failure to provide estimated FOIA request completion dates is actionable).

38. A requestor has "exhausted his administrative remedies" and may bring a case in federal district court if the agency does not make a final decision on an appeal within twenty working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii), (C)(i).

39. A federal district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

40. If an agency can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does not include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)-(C)(ii).

**Administrative Procedure Act (APA)**

41. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

42. The term "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Id*. § 551(13).

43. A reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law." *Id*. §§ 706(1), (2)(A); *see also id*. §§ 706(2)(C)-(D) (providing that courts shall hold unlawful and set aside agency action taken "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or taken "without observance of procedure required by law"). "[A]n agency action must comply with the agency's governing statutes and regulations," and, if it does not comply, there are grounds for APA relief. *Bean v. Perdue*, 316 F. Supp. 3d 220, 227 (D.D.C. 2018); *see also*, *e.g.*, *Am. Vanguard Corp. v. Jackson*, 803 F. Supp. 2d 8, 13-14 (D.D.C. 2011) (relying on, *inter alia*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)); *Fuller v. Winter*, 538 F. Supp. 2d 179, 186 (D.D.C. 2008).

44. Agency action arising under FOIA has also been held to be subject to judicial review under the APA. *See*, *e.g.*, *Or. Nat. Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (finding that violation of FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law).

45. The APA authorizes district courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

## STATEMENT OF OPERATIVE FACTS

### Regarding Request DOI-2025-007444

46. On June 18, 2025, WWP's Deputy Director, Greta Anderson, submitted a FOIA seeking records relating to communication pertaining to the management of Mexican gray wolves in Arizona and New Mexico, specific to the correspondence of the Department of the Interior's Associate Deputy Secretary Karen Budd-Falen.

47. On June 30, 2025, the Office of the Secretary, FOIA Office sent an email with an attached letter that acknowledged receipt of the request, assigned it tracking number DOI-2025-007444, and estimated that the request would take twenty-one to sixty workdays to process. The June 30, 2025, letter also claimed a ten-workday extension to this deadline pursuant to 43 CFR § 2.19.

48. The Office of the Secretary, FOIA Office's June 30, 2025 letter also denied WWP's fee waiver.

49. On June 30, 2025, Ms. Anderson appealed the fee waiver denial for DOI-2025-007444 to the Office of the Solicitor.

50. On July 9, 2025, Ms. Anderson sent an email requesting acknowledgement of the fee waiver appeal.

51. On August 27, 2025, the FOIA and Privacy Act Appeals Officer granted the appeal of the fee waiver request in a letter attached to an email addressed to Ms. Anderson.

52. On November 11, 2025, Ms. Anderson again emailed the Office of the Secretary's FOIA Officer to request an estimated completion date.

53. On November 11, 2025, the Office of the Secretary sent an automatic response to Ms. Anderson saying, "Due to the lapse in federal funding, this

mailbox is not being monitored and no FOIA requests may be processed at this time. We will respond to your message as soon as possible upon return to work."

54. On November 14, 2025, Ms. Anderson again emailed the OS FOIA Officer requesting an estimated completion date for DOI-2025-007444.

55. On November 19, 2025, the OS FOIA Officer replied requesting more time to respond.

56. Ms. Anderson wrote on November 20, 2025, stating that the following week would be fine for an estimated date of completion.

57. In response, the OS FOIA Officer wrote a clarifying email on November 20, 2025, to say that the records wouldn't be ready the following week, but that she would provide an estimated date of completion the following week.

58. Ms. Anderson sent another email to the OS FOIA Officer on November 20, 2025, to affirm her understanding of the clarified information.

59. On November 26, 2025, the OS FOIA Office sent an email stating that the estimated date of completion for records request DOI-2025-007444 was February 23, 2026.

60. On February 23, 2026, Ms. Anderson wrote to the OS FOIA Office and asked for responsive records or an update on the date of completion.

61. On February 25, 2026, Ms. Anderson sent another email to the OS FOIA Office expressing eagerness to receive the records.

62. On February 26, 2026, a Government Information Specialist emailed to say that she had begun reviewing responsive records but did not have an estimated date of completion.

63. On March 31, 2026, Ms. Anderson wrote back to the February 26, 2026 email and asked for a new estimated date of completion and noted that the request was quite overdue.

64. On April 6, 2026, the OS wrote back to say the "records had been fully processed and reviewed" and moving through an approval process. The email stated that the office was unable to provide an estimated date of competition.

65. On April 20, 2026, Ms. Anderson inquired again about an estimated date of competition.

66. On April 21, 2026, the OS FOIA Office responded that the records were still within the approval process.

67. On August 6, 2026, Ms. Anderson inquired again for an estimated time of arrival for the requested records.

68. On August 6, 2026, the OS FOIA Office emailed to say that the records had gone through QC review and were in legal review and declined to provide an estimated date of completion.

69. Defendant failed to issue a final decision on DOI-2025-007444 within the time required by 5 U.S.C. § 552(a)(6)(A)(i) & (ii)(II).

70. Defendant failed to provide a written notice to Plaintiff asserting that "unusual circumstances" prevented it from compliance with FOIA's decision deadline and providing the date on which it expected to issue a final decision on DOI-2025-007444. 5 U.S.C. § 552(a)(6)(B)(ii).

71. The deadline for issuing a final determination regarding DOI-2025-007444 has elapsed.

72. As of the date of filing this lawsuit, Plaintiff has not received a final decision on DOI-2025-007444.

73. As of the date of filing this lawsuit, Plaintiff has not received any of the records responsive to DOI-2025-007444.

74. As of the date of filing this lawsuit, Plaintiff has not received an estimated completion date for DOI-2025-007444.

75. Defendant has not shown that any of FOIA's nine exemptions to mandatory disclosure apply to the responsive information currently being withheld by the agency.

76. Because Defendant has not provided a final determination on DOI-2025-007444, Plaintiff has not had cause to file an administrative appeal and therefore has constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

## CAUSES OF ACTION

### COUNT I: FOIA Violation
### Unlawful, Constructive Denial of FOIA Request and Withholding of Information

77. WWP hereby incorporates by reference the allegations in the preceding paragraphs.

78. WWP has a statutory right to the records it seeks, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendant to assert that any of FOIA's nine disclosure exemptions apply to the requested records. *See* 5 U.S.C. § 552(b)(1)-(9).

79. Defendant violated WWP's rights under FOIA by failing to comply with the Act's decision deadlines regarding WWP's FOIA request and thus constructively withheld non-exempt information responsive to the request.

80. Based on the nature of WWP's professional activities, it will continue to employ FOIA's provisions for information requests to Defendant in the foreseeable future.

81. WWP's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's provisions.

82. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Defendant will continue to violate Plaintiff's right to receive public records under FOIA.

83. WWP is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT II: FOIA Violation**

**Decision Deadline Violations**

84. WWP hereby incorporates by reference the allegations in the preceding paragraphs.

85. WWP has a statutory right to have Defendant process its request in a manner that complies with FOIA. WWP's rights in this regard were violated when the Defendant failed to make a determination on WWP's request by the deadlines imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(A)(ii).

86. Defendant is unlawfully withholding public disclosure of records sought by WWP, records which are "agency records" within the meaning of FOIA to which WWP is entitled, and for which no valid disclosure exemption applies.

87. Based on the nature of WWP's professional activities, it will continue to employ FOIA's provisions for information requests to Defendant in the foreseeable future.

88. WWP's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's decision deadlines.

89. Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, Defendant will continue to violate Plaintiff's right to have its information requests processed as required by FOIA.

90. WWP is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT III: FOIA Violation**

**Failure to Provide an Estimated Completion Date for Plaintiff's FOIA Request.**

91. WWP hereby incorporates by reference the allegations in the preceding paragraphs.

92. FOIA requires federal agencies to provide the requester with information about the status of an agency's response to a request, including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

93. WWP repeatedly asked Defendant for estimated completion dates for WWP's request. In so doing, WWP constructively invoked 5 U.S.C. §§ 552(a)(7)(A) and (B).

94. Defendant has repeatedly failed to provide reasonably accurate estimated completion dates for Plaintiff's FOIA request.

95. Defendant has repeatedly violated, and continue to violate, FOIA by failing to provide reasonably accurate estimated completion dates for WWP's FOIA request.

96. Based on the nature of Plaintiff's professional activities, it will continue to employ FOIA's provisions for information requests to Defendant.

97. Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue violating FOIA's provisions.

98. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate Plaintiff's right to receive public records under FOIA.

99. WWP is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT IV (In the alternative to Counts III): APA Violation**
**Failure to Comply with FOIA's Requirements**

100. WWP hereby incorporates by reference the allegations in the preceding paragraphs.

101. Defendant has failed to comply with the mandates of FOIA by failing and/or refusing to provide WWP with estimated completion dates for WWP's FOIA.

102. WWP has been adversely affected and aggrieved by the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and/or refusal to provide WWP with estimated completion dates for its FOIA request has injured WWP's interests in public oversight of governmental operations and constitute an APA violation.

103. WWP has suffered a legal wrong as a result of the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and refusal to provide WWP with the estimated completion date for WWP's pending FOIA has injured

WWP's interests in public oversight of governmental operations and constitutes an APA violation.

104. Defendant's failure and/or refusal to provide WWP with estimated completion date for WWP's FOIA request constitutes agency action unlawfully withheld and unreasonably delayed. 5 U.S.C. § 706(1).

105. Alternatively, Defendant's failure and/or refusal to provide WWP with estimated completion dates for WWP's FOIA request is a violation of FOIA and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law. 5 U.S.C. § 706(2).

106. Based on the nature of Plaintiff's professional activities, it will continue to employ FOIA's provisions for information requests to Defendant.

107. Plaintiff's professional activities will be adversely affected if Defendant is allowed to continue to violate FOIA's provisions.

108. WWP is entitled to judicial review under the APA. 5 U.S.C. §§ 702, 706.

109. WWP is entitled to costs and reasonable attorney fees per EAJA. 28 U.S.C. § 2412.

**REQUESTS FOR RELIEF**

WHEREFORE, WWP requests that this Court:

A. Adjudge and declare that Defendant has violated FOIA—or in the alternative, the APA—for the reasons set forth above;

B. Order Defendant to comply with FOIA immediately by providing WWP all non-exempt public records responsive to WWP's FOIA request;

C. Award WWP its reasonable attorneys' fees and litigation costs pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E) or the Equal Access to Justice Act, 28 U.S.C. § 2412;

D. Expedite this action pursuant to 28 U.S.C. § 1657(a); and

E. Grant such further and additional relief as this Court may deem just and proper.

Respectfully submitted August 19, 2026.

*/s/ Alizabeth A. Bronsdon*
Alizabeth A. Bronsdon
MT Bar # 68149592,
*Pro Hac Vice*
Western Watersheds Project
P.O. Box 8837
Missoula, MT 59807
267-664-3422
ali@westernwatersheds.org

*Attorney for Plaintiff*